UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ORTIZ-CASTRO,

    Petitioner,

v.                                    Case No.8:13-CV-337-T-30TGW
                                            8:05-CR-53-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-406.) Because review of "the motion and the files and records of the case conclusively show that the [Petitioner] is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

By way of background, on April 25, 2005, Petitioner pled guilty to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States jurisdiction and conspiracy to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the United States jurisdiction in violation of 46 U.S.C. §§ 1903(a), (g), and (j), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On October 18, 2005, the Court sentenced Petitioner to a term

of imprisonment of 135 months. Petitioner appealed. On June 5, 2006, the Eleventh Circuit Court of Appeals affirmed Petitioner's sentence. United States v. Ortiz-Castro, 182 Fed. Appx. 972 (11th Cir. 2006).

On January 29, 2013, Petitioner filed the instant § 2255 motion challenging the MDLEA as unconstitutional. He further claims ineffective assistance of counsel for failure to raise or preserve the issue.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). If a criminal defendant does not file petition for writ of certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).

As indicated above, the Eleventh Circuit affirmed Petitioner's sentence on June 5, 2006. Pursuant to Rule 13.1, Sup.Ct. R., Petitioner had ninety days thereafter, until September 5, 2006, by which to file a petition for writ of certiorari. Petitioner did not do so, and, as such, his conviction became final on September 5, 2006. Thus, he had one year from that date, until September 6,

2

2007 to file a § 2255 motion. Because Petitioner did not file his motion until January 29, 2013, Petitioner's motion pursuant to § 2255 is time-barred.

The Court notes that Petitioner argues for the applicability of the exceptions set forth in 28 U.S.C. §§ 2255(f)(3) and (4). Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner specifically relies on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012). That, however, is a circuit court decision, not a Supreme Court decision. As such, Petitioner cannot benefit from Bellaizac-Hurtado under § 2255(f)(3)'s provision for a delayed start of the limitation period. Vargas v. United States, 8:13-cv-325-T-30TBM, 2013 WL 424362, at *1 (M.D. Fla. Feb. 4, 2013); Chamorro-Betancourt v. United States, 8:13-cv-259-T-30MSS, 2013 WL 352599 (M.D. Fla. Jan. 29, 2013); United States v. Velasquez, 8:13-cv-5-T-23MAP, 2013 WL 178987 (M.D. Fla. Jan. 17, 2013).

Bellaizac-Hurtado offers Petitioner no benefit under § 2255(f)(4) either. That section provides that the one year limitations period begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

The issuance of a legal court opinion is not a "fact" supporting Petitioner's claims which triggers the start of the limitations period under § 2255(f)(4). See Madaio v. United States, 397 Fed. Appx. 568, 570 (11th Cir.2010) (unpublished) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.")

Additionally, Bellaizac-Hurtado is factually distinguishable. There, the court found that "Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial water of Panama." 700 F.3d at 1258. In this case, Petitioner agreed that he was in international waters when the vessel was seized. (Cr-D-114, p. 2.) As such, Bellaizac-Hurtado is inapplicable.

Finally, Petitioner has not demonstrated that equitable tolling is appropriate. There is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time.

In light of the foregoing, Petitioner's § 2255 motion is time-barred, and the Court therefore lacks jurisdiction to consider the motion.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-99) is DISMISSED as time-barred.

2) The Clerk is directed to terminate the companion § 2255 motion (Cr-D-406) and CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 11th day of March, 2013.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE